[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on June 22, 1986 in Washington, Connecticut. They have one child issue of the marriage, Aaron Pierce, born January 3, 1987. The couple finally separated in February of 1992.
The major marital asset, the marital residence, was acquired by the plaintiff wife in January, 1985. approximately eight months prior to the date the parties began residing together and approximately fifteen months before their marriage.
The purchase price of the house was $130,000.00. There was a down payment of $13,000.00 and subsequent mortgages totaling $144,000.00. At the time of the hearing the mortgage balance was approximately $93,000.00. Although there was some minor conflict on the point, the value of the home is found to be $275,00.00 [$275,000.00].
It would appear that the only outstanding issue still in dispute is the extent to which the defendant husband is entitled to equity in the marital residence.
Section 46b-81(c) of the General Statutes provides guidance to the route on this matter and provides considerations for the court to consider:
 . . . the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and the needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. TheCT Page 5062 court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in the value of their respective estates.
This five year marriage was caused to terminate in a dissolution by the personal behavior and problems of both parties. Clearly, the defendant husband's abuse of alcohol is the centerpiece of his negative contribution. Although alcohol abuse has been known to both parties perhaps, they met at an AA meeting and started cohabitating a short time later, it is the defendant husband's continued abuse which prevailed. On the other hand, the plaintiff wife's temper tantrums, emotional unbalance and imprudent spending habits was also a contributing factor.
This early, middle-aged couple with no significant health problems, save the alcoholism of the defendant husband were non shown to have any specialized academic education. Plaintiff wife was an interior decorator at the beginning of the marriage. Defendant husband was a self-employed builder with manual skills. For a while at least, the parties viewed themselves as a good economic match by combining their respective skills in designing and building. Later, in their marriage, and near the time of hearing, the plaintiff wife had changed careers and was doing insurance related financial planning. She was a licensed agent. The defendant husband was employed as a maintenance man at the Mayflower Inn for $10.00 per hour.
The plaintiff wife's contributions to the marital residence have been presented previously in part. She paid the mortgage payments until October of 1986 when the defendant husband made the entire payments until August of 1990. (An amount of approximately $50,000.) The husband also contributed construction improvements to the residence approximating $7,000. There is a litany of other claims, on both sides, of setoffs and contributions that add little to these deliberations.
Upon considering all of the relevant factors, evidence and statutory provisions, the court declares as follows: CT Page 5063
1. The court has jurisdiction of the subject matter and the parties.
2. The marriage has broken down irretrievably.
3. A decree of dissolution shall enter.
4. The parties are single and unmarried.
The court also enters the following orders:
1. CUSTODY AND VISITATION.
Custody of the minor child Aaron shall be with the plaintiff mother with reasonable and flexible visitation including every other weekend beginning on Friday at 5:00 p.m. until Sunday at 7:30 p.m., and every Wednesday evening from 5:30 p.m. until 7:30 p.m.
The parties will alternate Thanksgiving. Thanksgiving visitation will begin Thursday at 9:00 a.m. until Sunday at 7:30 p.m. The child shall be with the father every Christmas and Easter, and the mother shall have the child on the Jewish holidays. He shall be with the father every other New Year's day beginning in 1994.
The plaintiff mother shall inform the father of all school activities and functions, and extracurricular activities and send copies of all school and medical reports and keep the father informed of all major decisions pertaining to the minor child.
No significant religious decisions shall be made for the child by either party without discussing the issue first with the other parent.
Neither party will engage in confrontations with each other in front of the minor child.
Neither party will discuss the matters of the divorce or make disparaging remarks about the other parent to the minor child.
Defendant father shall not consume alcohol for CT Page 5064 twelve hours prior to each visitation and during visitation.
The defendant father shall have free, unhampered and reasonable telephone access to the minor child.
Neither party will question the minor child about the activities of the other parent.
2. CHILD SUPPORT.
The defendant father shall pay child support pursuant to the child support guidelines in the amount of $39.00 per week, and $11.00 per week on the arrearage of $1,566.00 for a total weekly payment of $50.00 per week.
3. MEDICAL.
Each party shall maintain medical insurance for the benefit of the minor child as available through their employment and all unreimbursed medical and dental expenses shall be shared equally by the parties.
4. ALIMONY.
Neither party is awarded alimony.
5. REAL ESTATE.
The defendant husband is entitled to $27,500.00 as his portion of the equity of the marital residence. This amount shall be payable upon the occurrence of the first of the following:
a. The plaintiff wife shall move.
b. The property shall be sold.
c. Aaron reaches age eighteen.
d. The plaintiff shall regularly cohabitate with someone or remarries.
In any event, if the sum is not paid within five years interest shall begin to run at the rate of 6% per CT Page 5065 annum. The later shall be secured by an appropriate note and mortgage reflecting those terms within ninety days of this judgment.
6. DEBTS.
Each party shall pay those debts listed on their financial affidavits except the debt owing to Dr. Sussman which shall be equally shared. The plaintiff wife shall assume the entire electric bill for the marital residence and hold the defendant husband harmless form that debt and all costs related thereof.
7. PERSONAL PROPERTY.
The defendant husband shall receive the Fisher television, VCR and tapes, the cane backed chair from the library and the entire contents of the attic over the garage, and shall be permitted to pick up these items within thirty (30) days of the judgment in this matter.
Judgment shall enter accordingly.
CHARLES D. GILL, J.